Per Curiam.
 

 In this case the defendant, who was a non-resident, had by his counsel filed a demurrer, which at last court was overruled, and time given to answer. The answer not having been filed according to order, the bill was taken
 
 pro oonfesso,
 
 and set down to be heard
 
 ex parte.
 
 It stated that the complainant, who was a citizen of Sumner County, in the year 1809 descended the Mississippi to New Orleans, with produce for sale; that whilst there he was attacked with sickness, and in that state set out from thence on his return * home in company with some of his countrymen; that being worn down and exhausted by his sickness and a fever, he could proceed no further with them than to the house of a Mr. Drouhorn, in West Florida, where he was left behind; that while here, being in a low state of body, and depressed in mind, frequently out of his senses by the violence of his feverj the defendant presented himself, and falsely pretending to be a skillful physician, recommended himself to the complainant to attend him as a physician; that the complainant, believing the representation of the said Rawlins, and that he was the character he pretended to be, consented that he might administer medicine to him and attempt his cure ; that said Rawlins continued there 15 or 16 days pretending to attend him; that soon after the commencement of his attendance, he became much worse, and so continued until his removal by his friends, who had come there from the Mississippi Territory for that purpose; that his delirium became so great that he could recollect but few occurrences previous to
 
 *327
 
 his removal, and believes that had it not been for this timely interposition of his friends, his life would soon have been ended; that the complainant was informed by those who were in a situation to judge, and he believes the information to be true, that the said defendant was not a physician, but a miserable quack, not fit to be trusted with medicine of any kind — a wandering vagabond, who took advantage of his calamity to extort from him his money, and rendered him no aid as a physician. The bill further states, that the defendant would not permit the complainant to be taken away, until he had signed a note to him for $158, which complainant is informed he did, and believes it to be true, but has no recollection of it, being at the time in a state of delirium from the violence of his fever; that being removed to the residence of his friends he recovered; that the defendant sent said * note into this State, and caused suit to be brought thereon in Sumner Circuit Court. And at October term thereof, .1814, obtained judgment for the sum of $222 and costs, and execution has issued. The bill further charges, that the complainant will be able to prove all the facts before set forth. The bill prays that the defendant may answer, &c., and be perpetually enjoined from further proceedings at law, &c.
 

 The question is, does the bill upon the case made thereon, entitle the complainant to the relief prayed ? This statement exhibits three grounds of defense against the note : First, a gross fraud and imposition practiced by Rawlins upon Peyton, in assuming the character of a skillful physician, and thereby introducing himself to the notice of Peyton at a time when medical assistance was much needed by
 
 him;
 
 and then by procuring himself to be employed in that capacity, when in fact he was a quack, not fit to be trusted with medicine, taking advantage of his situation, and using these misrepresentations for the purpose of extorting money from him. Secondly, that there was in truth and in fact no consideration for the note, from the want of qualification by Rawlins in his assumed character of physician, and the event of doing him no good and rendering him no benefit in his complaint. Thirdly, that the note was executed by Peyton while in a state of delirium from the violence of his fever, by the procurement of Rawlins. These are assigned as the grounds for coming into this court, and as the grounds of obtaining relief when in it. But it is contended that these
 
 *328
 
 grounds of relief also form the subject of defenses at law, that the party had the power of availing himself of them there, which he ought to have done. And, therefore, this court ought not now to entertain jurisdiction. That these were defenses at law is believed to be correct. See Cooper’s Pleadings, 28-140, to show that fraud, if it can be clearly established, will be relieved against at law, and the instrument * declared void, the law in this respect having a concurrent jurisdiction with courts of equity. To the same effect is 1 Burr. 396, 397.
 

 With regard to the second ground, the consideration (Fonb. 335, 336) draws this conclusion upon a comparison of all the authorities on the subject, that a consideration is necessary by our law to an agreement (the evidence by writing, from its being sealed, imports a consideration), unless by its negotiability the interests of third persons are affected, which is not the case here, the note being negotiated; and the action at law being brought by the payee, in which case the want of consideration is a bar to the plaintiff’s recovery upon it. 4 Mod. 242. The third ground is also a legal defense in our opinion, and comes within the principle of
 
 lunacy and
 
 drunkenness, whereof the party at the time of the execution of a deed in the one case is a lunatic, and in the other is made to sign the deed when so drunk as not to know what he did; the evidence is admissible, upon
 
 non est factum,
 
 and shows that by the principles of the common law the deed is absolutely void. See Philips, 127; 5 Rep. 119; 2 Str. 1104; B. N. P. 172. The principle is in the incapacity of the party to make a contract, in the absence of his reason, thus temporarily suspended or extinguished, which I think may and does equally exert in the delirium of fever as in drunkenness or lunacy. As this last defense would be good in law, in the case of a deed,
 
 a fortiori
 
 in the present, where the instrument is without a seal.
 

 The next thing to be considered is, whether as these defenses are proper defenses at law, can the party avail himself of them in this court, not having shown any reason why he did not defend himself at law, or even whether he made the attempt to do so. He states in his bill that he will be able to prove them; in the opinion of the court, in the case of Reeves and another against Hogan and Henderson, Cooke, 176, it is * stated that when the party neglects to make his defense at law, when he might have
 
 *329
 
 done so, a court of equity will not give him relief; that if he had been prevented from making the proper defense at law, for causes over which he had no control and in which no neglect was imputable to him, he might come into this court. The statement in the present bill does not take the plaintiff’s case out of this reasoning. The same doctrine is laid down in Hardin, 134 ; says the book, the general rule is, that where there is a defense at law, equity will not give relief. And further, the same book says, that the facts submitted to the consideration of the Court of Chancery, were properly triable by the jury who were impaneled in the common law suit. And it is not shown that these facts were not then fairly and fully tried. And even if this had been shown, the complainant was bound to have had them then tried, unless a sufficient cause was shown for its not having been done. It is conceived that these authorities sufficiently establish that the present complainant is not entitled to relief in this court.
 

 Decree, therefore, that the bill be dismissed with costs.
 

 But inasmuch as the bill shows a case that by amendment, perhaps, may be pi’operly relievable in this court, and we do not wish to conclude the party by an imperfect statement of his case, to the exclusion of the merits, the court will permit the complainant to amend his bill upon the payment of the costs of this court, and the costs of the amendment if he thinks proper so to do.
 

 See King’s Digest, 2401, 3534, 9688.